IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHERYL L. ALO,                          1:16-CV-00180-BR

          Plaintiff,                    OPINION AND ORDER

v.

NANCY A. BERRYHILL,[1]
Acting Commissioner, Social
Security Administration,

          Defendant.


**KATHERINE EITENMILLER**
**MARK A. MANNING**
Harder Wells Baron & Manning
474 Willamette Street
Eugene, OR 97401
(541) 686-1969

          Attorneys for Plaintiff

_____

          [1] On January 23, 2017, Nancy A. Berryhill was appointed
Acting Commissioner of Social Security and pursuant to Federal
Rule of Civil Procedure 25(d) is substituted as Defendant in this
action.

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**MARTHA A. BODEN**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/A 221A
Seattle, WA 98104
(206) 615-3710

        Attorneys for Defendant

**BROWN, Judge.**

        Plaintiff Cheryl L. Alo seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

        For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


### ADMINISTRATIVE HISTORY

        Plaintiff filed her applications for DIB and SSI on

March 5, 2012.  Tr. 149, 156.[2]  Plaintiff alleged a disability

onset date of July 31, 2008.  Her applications were denied

initially and on reconsideration.  An Administrative Law Judge

(ALJ) held a hearing on January 21, 2014.  Tr. 31-55.  At the

hearing Plaintiff was represented by an attorney.  Plaintiff and

a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on April 15, 2014, in which she

found Plaintiff is not disabled and, therefore, is not entitled

to benefits.  Tr. 18-30.  Pursuant to 20 C.F.R. § 404.984(d) that

decision became the final decision of the Commissioner on

December 7, 2015, when the Appeals Council denied Plaintiff's

request for review.  Tr. 3-6.  *See Sims v. Apfel*, 530 U.S. 103,

106-07 (2000).


## BACKGROUND

Plaintiff was born on January 3, 1986, and was 28 years old

at the time of the hearing.  Tr. 149.  Plaintiff graduated from

high school.  Tr. 35.  Plaintiff has past relevant work

experience as a deli worker and produce clerk.  Tr. 48.

Plaintiff alleges disability due to lymphedema in her lower

extremities.  Tr. 20.

Except when noted, Plaintiff does not challenge the ALJ's

---

[2] Citations to the official transcript of record filed by
the Commissioner on July 12, 2016, are referred to as "Tr."

summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 21, 23-24.


## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th
Cir. 2012).  To meet this burden, a claimant must demonstrate her
inability "to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which . . . has lasted or can be expected to last for
a continuous period of not less than 12 months."  42 U.S.C.
§ 423(d)(1)(A).  The ALJ must develop the record when there is
ambiguous evidence or when the record is inadequate to allow for
proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d
881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d
453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.  42
U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*,
682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is
"relevant evidence that a reasonable mind might accept as
adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11

(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9th Cir. 2009)).  It is more than a mere scintilla [of evidence]
but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d
at 690).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).


## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner
determines the claimant is engaged in substantial gainful
activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See
also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir.

2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc.*

*Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her July 31, 2008, alleged onset date.  Tr. 20.

At Step Two the ALJ found Plaintiff has the severe impairments of morbid obesity and lymphedema. Tr. 20. The ALJ found Plaintiff's impairments of plantar fasciitis and hypertension are nonsevere. Tr. 20.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 21. The ALJ found Plaintiff has the RFC to perform "a range of light work." Tr. 21. The ALJ found Plaintiff is able to lift and/or to carry ten pounds frequently and "up to twenty pounds" occasionally, to stand and/or to walk two hours in an eight-hour work day, and to sit for six hours in an eight-hour work day. Tr. 22. The ALJ found Plaintiff "requires the opportunity to sit or stand at will while still performing essential tasks . . . [and] to elevate her legs during the usual breaks that occur in the work place at intervals of 10 to 15 minutes every two hours and 30 to 60 minutes at the lunch break." Tr. 22. The ALJ also found Plaintiff can climb ramps and stairs, stoop, crouch, crawl, and kneel occasionally but should never climb ladders, ropes, or scaffolds. Tr. 22.

At Step Four the ALJ concluded Plaintiff could not perform her past relevant work. Tr. 25.

At Step Five the ALJ concluded Plaintiff could perform jobs that exist in significant numbers in the national economy.

Tr. 25.  Accordingly, the ALJ found Plaintiff is not disabled.


### DISCUSSION

Plaintiff contends the ALJ erred when she (1) partially rejected Plaintiff's testimony; (2) gave "little weight" to the Third Party Statement of Plaintiff's aunt, Sherri Hopkins; (3) failed to address the November 2013 statement of Physician's Assistant (PA) Tamara Tuttle; and (4) failed to include all of Plaintiff's limitations in her hypothetical to the VE.

## I.  The ALJ did not err when she partially rejected Plaintiff's testimony.

Plaintiff alleges the ALJ erred when she failed to provide clear and convincing reasons for partially rejecting Plaintiff's hearing testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403 (9th Cir. 1986), *aff'd in Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if she provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

Plaintiff testified at the hearing that she was unable to work due to the swelling in her legs caused by the lymphedema. Tr. 38. Plaintiff noted she left her last job because it was painful for her to stand and to walk for eight hours even with a break every two hours. Tr. 43. Plaintiff testified she wears compression stockings during the day when she is up and around and gives herself a lymphatic massage once a day, but she still has pain and swelling in her legs. Plaintiff noted she elevates her legs every two-to-three hours for thirty minutes at a time to relieve the pain and swelling. Tr. 39. Plaintiff stated she has had swelling in her legs since she was 16 years old, but it has been getting worse over time. Plaintiff noted she did not elevate her legs for thirty minutes every two-to-three hours in the past when she was working, but she had to elevate her legs when she got home from work. Tr. 40. "[S]ince not working[,

however, she's] been doing it more." Tr. 40. Plaintiff explained her husband works from home and is able to watch their two young children when she has to elevate her legs.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but the ALJ did "not find all of [Plaintiff's] symptom allegations to be credible." Tr. 22. The ALJ noted there is objective evidence in the record that Plaintiff has "extensive edema in her feet and ankles bilaterally," but Plaintiff does not appear to be as limited as she alleges. Specifically, the ALJ noted in August 2011 Plaintiff had normal range of motion, no joint swelling, and adequate and equal muscle tone. Tr. 258. In August 2011 Plaintiff asked treating physician Ryan Tran, M.D., for a handicap parking placard and "disability from work." Tr. 258. Dr. Tran approved Plaintiff for the handicap placard, but he did not provide Plaintiff with a statement of disability from work.

The ALJ also noted Plaintiff was examined in September 2013 by Raymond Nolan, M.D., who noted Plaintiff has "marked lymphedema involving both legs" and feet. Tr. 317. Plaintiff had normal tandem gait, negative Romberg, and normal lower-extremity strength. Dr. Nolan opined Plaintiff can sit for "greater than six hours in an eight hour day" and stand and/or walk for at least four hours in an eight-hour work day, but she

is limited in her ability to squat or to kneel.  Tr. 317.

The ALJ also noted although Plaintiff testified she must elevate her legs for thirty minutes every two to three hours, there is not any indication in the record that Plaintiff was directed to do so by any treating doctor and Plaintiff did not report doing so to any medical professional before November 2013, which is after she first applied for disability benefits. Nevertheless, the ALJ included in her evaluation of Plaintiff's RFC that Plaintiff should be allowed to elevate her legs.

Finally, the ALJ noted Plaintiff cares for two children under the age of five, completes household chores, drives her children to school, and drives herself to appointments.

On this record the Court finds the ALJ did not err when she partially rejected Plaintiff's testimony because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

**II.  The ALJ did not err when she gave little weight to the Third Party Adult Function Report of Plaintiff's aunt, Sherri Hopkins.**

Plaintiff alleges the ALJ erred when she failed to provide reasons for giving only little weight to Hopkins's Third Party Adult Function Report.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless she "expressly determines to disregard such testimony and gives reasons germane

to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members."). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). When "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout,* 454 F.3d at 1056.

On April 8, 2012, Hopkins provided a Third Party Adult Function Report in which she states Plaintiff cannot work because she cannot be on her feet "for very long" due to the fact that her legs are filled with fluid and they hurt. Tr. 191. Hopkins reports Plaintiff cannot wear pants, socks, or shoes because they hurt her legs and feet. Tr. 192. Hopkins notes Plaintiff cannot stand for long and, therefore, has trouble preparing meals, doing yard work, shopping for more than 15 minutes at a time, and getting down on the floor to play with her children. Tr. 194-95. Hopkins reports Plaintiff cannot stand for more than 20 minutes without pain in her legs and cannot walk for more than four or

five minutes before she needs to rest for 15 to 20 minutes.
Tr. 196.  Hopkins notes Plaintiff has had difficulty walking and
standing "for years," but her condition has become worse in "the
past few years."  Tr. 198.

The ALJ gave Hopkins's Report little weight on the ground
that Hopkins ascribed limitations to Plaintiff that were greater
than those described by Plaintiff herself.  For example, Hopkins
stated Plaintiff could stand for only 20 minutes without pain,
but Plaintiff testified she can stand for two-to-three hours.
Similarly, Plaintiff reported she cooks meals, but Hopkins stated
Plaintiff tries to make one meal per week and Hopkins usually
finishes making the one meal because Plaintiff's legs hurt.
Tr. 193.

On this record the Court finds the ALJ did not err when she
gave little weight to Hopkins's Report because the ALJ provided
reasons germane to Hopkins and supported by substantial evidence
in the record for doing so.

## III. The ALJ did not err when she did not address PA Tuttle's November 2013 statement.

Plaintiff alleges the ALJ erred when she did not address
PA Tuttle's November 2013 statement that Plaintiff "will need to
find work in which she can elevate her legs frequently throughout
the day."  Tr. 328.

Medical sources are divided into two categories:
"acceptable" and "not acceptable."  20 C.F.R. § 416.902.

14- OPINION AND ORDER

Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 416.902. Medical sources classified as "not acceptable" include, but are not limited to, physicians' assistants. SSR 06-03p, at *2. The ALJ may assign a not-acceptable medical source either greater or lesser weight than that of an acceptable medical source. SSR 06-03p, at *5-6. The ALJ, however, must explain the weight assigned to such sources to the extent that a claimant or subsequent reviewer may follow the ALJ's reasoning. SSR 06-03p, at *6.

PA Tuttle examined Plaintiff on November 26, 2013. Plaintiff reported the swelling in her legs was "continuous" and that she needs to "elevate every few hours for about 30 minutes to keep it under control." Tr. 327. PA Tuttle directed Plaintiff to wear compression stockings and to elevate her legs "as needed." Tr. 328.

The ALJ did not specifically comment on PA Tuttle's statement that Plaintiff would need to find work in which she can elevate her legs frequently throughout the day. Although Defendant concedes the ALJ did not expressly address PA Tuttle's statement, Defendant asserts the omission was harmless because the ALJ incorporated in her assessment of Plaintiff's RFC that Plaintiff should be allowed to elevate her legs throughout the work day. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)(An ALJ's error is harmless when it is clear from the

record that the ALJ's error was inconsequential to the ultimate nondisability determination). Specifically, the ALJ's assessment of Plaintiff's RFC required Plaintiff to be allowed to elevate her legs for ten-to-fifteen minutes every two hours and 30-60 minutes at the lunch break. The Court agrees the ALJ's hypothetical sufficiently encompassed PA Tuttle's statement that Plaintiff "will need to find work in which she can elevate her legs frequently throughout the day." Tr. 328.

Accordingly, the Court concludes the ALJ did not err when she failed to address PA Tuttle's statement, and, in any event, any such error was harmless.

**IV. The ALJ did not err at Step Five.**

Plaintiff asserts the ALJ erred at Step Five when she failed to include all of the limitations identified by Plaintiff, Hopkins, and PA Tuttle in her hypothetical to the VE.

The Court has already concluded the ALJ did not err when she rejected the limitations asserted by Plaintiff, Hopkins, and PA Tuttle. On this record, therefore, the Court also concludes the ALJ did not err at Step Five when she failed to include those limitations in her hypothetical to the VE.


<u>**CONCLUSION**</u>

For these reasons, the Court **AFFIRMS** the decision of the

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 8th day of May, 2017.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge